IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MARCUS CROCKER,**

    **Petitioner,**

v.                                            **Civil Action No 5:20-cv-142**
                                                          Judge Bailey

**BRYAN ANTONELLI,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.   Procedural Background

On July 13, 2020, the pro se petitioner, Marcus Crocker, filed a Petition for Writ of Habeas Corpus ("the petition") pursuant to 28 U.S.C. § 2241. [Doc. 1].[1] The petitioner challenges the way the Bureau of Prisons ("BOP") calculated his sentence and seeks prior custody credit from March 4, 2017 through May 6, 2018.

On July 14, 2020, the petitioner paid the $5 filing fee.  [Doc. 3]. On September 2, 2020, following a preliminary review, which determined that summary dismissal was not appropriate, the respondent was ordered to show cause why the Petition should not be granted. [Doc. 5]. On October 13, 2020, the respondent filed a Motion to Dismiss or, in the Alternative for Summary Judgment, together with a supporting memorandum of law and exhibits. [Doc. 12]. On October 14, 2020, a Roseboro notice was issued via certified mail return receipt requested.  [Doc. 13].  Service was accepted at USP

---

[1] On October 13, 2020, the petitioner filed a second form § 2241 petition which was docketed as a supplemental petition. It is identical to the first except on page one where it deletes reference to "Time Served" as an issue.

1

Hazelton on October 16, 2020. [Doc. 14]. To date, the petitioner has not responded.

## II.     Legal Standard

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its

face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B.    Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence

of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

### III. Factual History

On April 13, 2012, the petitioner was arrested in Georgia on state charges of Interference with Government Property and Simple Assault in Docket Number 12CR70. On May 6, 2013, he was sentenced by the Stewart County Superior Court in Lumpkin, Georgia to a 72-month term of Probation and then released. [Doc. 12-3].

On July 12, 2013, the petitioner was arrested in Georgia on state charges of Possession of Cocaine with Intent to Distribute; Possession of Tools for the Commission of Crime, Possession of a Firearm by Convicted Felon; and Possession of a Controlled Substance with Intent to Distribute. [Doc.12-3]. On September 9, 2014, the petitioner was sentenced in the Stewart County Superior Court in Lumpkin, Georgia to a 180-month total term of Probation in Docket Number 14CR59. This sentence was consecutive to the revocation imposed in Stewart County Superior Court case number 12CR 70, in which the petitioner was ordered to serve the remainder of his state sentence, which have been due to expire May 5, 2018. Id.

On July 1, 2016, the petitioner was released via State Parole in Docket Number 12CR70. On March 4, 2017, the petitioner was arrested by the Drug Enforcement

Administration and Stewart County Law Enforcement Officers on state charges pertaining to the instant offense. The petitioner remained in state custody, and on March 28, 2017, he signed a waiver revoking his State parole in Docket Number 12CR70, and he was transported to the Georgia Department of Corrections.

On February 13, 2018, while in state custody, the petitioner was "borrowed" pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum. [Doc. 12-3]. On May 5, 2018, while still on the federal writ, the petitioner completed service of his State sentences. Because the State sentence was completed, his primary custody transferred from state to federal custody. [Doc. 12-3 at 9]. On June 6, 2019, the petitioner was sentenced to 138 months imprisonment in the United States District Court for the Middle District of Georgia for Possession of Cocaine Base with Intent to Distribute and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. [Doc. 12-3 at 13-17]. The Court ordered the sentence to run consecutively to any remaining State parole revocation sentences in Stewart County, Georgia Superior Court case number 12CR70, as well as any state probation revocation sentences which may have been imposed in Stewart County, Georgia Superior Court case number 14CR 59. Id.

The BOP prepared a sentence computation for the petitioner based on a 138-month term of imprisonment commencing on June 6, 2019, the date his federal sentence was imposed. The petitioner received jail credit from May 6, 2018 (the day after his state sentence was completed) through June 5, 2019 (the day prior to the federal sentence being imposed). He has a projected release date of February 23, 2028, via Good Conduct Time. [Doc. 12-3 at 23].

### IV. Analysis[2]

Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating an inmate's term of confinement, including a determination of when the sentence commenced. United States v. Wilson, 503 U.S. 329, 334 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b) which provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Id.

Under section 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody while awaiting transportation to, or arrives voluntarily to commence service of the sentence at, the official detention facility at which the sentence is to be served." Where, as here, the prisoner faces both state and federal charges, the term "received in custody" is particularly important. In such instances, the concept of primary jurisdiction is applicable. Primary jurisdiction is explained in United States v. Smith:

> In the context of successive criminal prosecutions by different sovereignties this 'chief rule which preserves our two systems of courts from actual conflict of jurisdiction' means that the sovereignty which first arrests the individual acquires the right to prior exclusive jurisdiction

---

[2] The respondent alleges that the petitioner failed to exhaust his administrative grievances and advances this failure as a basis for dismissing the petition. While the undersigned agrees that the petitioner failed to exhaust, dismissal on this basis would be without prejudice. Because it is clear that the petitioner is not entitled to relief, no further discussion of administrative grievances is contained herein.

> over him,…and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty…

United States v. Smith, 812 F.Supp. 368, 371 (E.D.N.Y. 1993) (quoting In re Liberatore, 574 F.2d 78 (2d Cir. 1978)).

Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of the charges, bail release, parole release, or satisfaction of the sentence. See Coles v. DeBoo, No. 2:10cv70, 2010 WL 3767113 (N.D.W.Va. September 27, 2010; Chambers v. Holland, 920 F.Supp. 618, 622 (M.D. Pa. 1998) *citing* United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980)("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence.").

However, the fact that a state prisoner is in federal court on a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has commenced. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id. at 912. *See also* Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992) ("A prisoner is not even in custody for the purposes of section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.")

Here, the State of Georgia did not lose its primary jurisdiction over the petitioner when it lent him to federal authorities pursuant to the writ of habeas corpus *ad prosequendum*. Georgia maintained primary jurisdiction over the petitioner until May 5,

7

2018, when he completed service of his State sentences. Accordingly, the BOP properly computed the petitioner's federal sentence to begin on June 6, 2019, the date on which the federal sentence was imposed and awarded him jail credit from May 6, 2018 to June 5, 2019, a total of 396 days.  Because the remainder of the time the petitioner was in custody from March 4, 2017 through May 5, 2018 was credited to his State sentence, the BOP could not award credit for that time against his federal sentence

### V.     Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the respondent's Motion to Dismiss or for Summary Judgment  **[DOC. 12]** be **GRANTED**, and the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED** and **DISMISSED WITH PREJUDICE.**

Within fourteen days after service of this Report and Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED:  January 12, 2021

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE